# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 1:25-cr-418 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| KAYLA FUNDERBURKE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

On September 3, 2025, *pro se* defendant Kayla Funderburke ("Funderburke") filed a notice of removal, under 28 U.S.C. §§ 1443, 1446, and 1455, removing to federal court the criminal proceedings pending against her in *State of Ohio v. Kayla Funderburke*, No. CR-24-689996-A in the Cuyahoga County Court of Common Pleas (the "State Court Proceedings"). (Doc. No. 1.) The Court must "examine . . . promptly" any notice filed pursuant to § 1455, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order of summary remand." 28 U.S.C. § 1455(4). Upon the Court's prompt examination of Funderburke's notice of removal, the Court determines that it lacks subject matter jurisdiction over this case. Removal of this case should therefore not be permitted, and it is summarily remanded to state court.

## I. PROCEDURAL BACKGROUND

Defendant seeks to remove her state criminal proceedings to federal court, asserting removal authority under 28 U.S.C. §§ 1443, 1446, and 1455. (Doc. No. 1, at 1.[1]) In her notice of removal, Funderburke asserts that the state court proceedings have violated her "federally protected rights[.]" (*Id.*) Specifically, she asserts (1) that the state court proceedings "violate[] her civil and constitutional rights," (2) that she was improperly served and unlawfully arrested, (3) that the state court violated her right to *pro se* representation and denied various filings "without review or hearing," (4) that the presiding judge stated that "federal law does not apply here," and (5) that the State of Ohio has failed to identify "any injured party or complainant[,]" which she claims is a requirement of both federal and Ohio law. (*Id.*)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction[.]" *Taylor v. Nelsen*, No. 1:24-cv-2260, 2025 WL 755403, at *1 (N.D. Ohio Mar. 10, 2025) (citing *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). Further, federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc., Ltd.*, 556 F.3d at 465 (citation omitted). A district court must remand a case upon a finding that it lacks subject matter jurisdiction. *Lexington-Fayette Urb. Cnty. Gov't Civ. Serv. Comm'n v. Overstreet*,

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

115 F. App'x 813, 817 (6th Cir. 2004).

Funderburke attempts to invoke the Court's jurisdiction under 28 U.S.C. §§ 1443 and 1455.[2] (Doc. No. 1, at 1). Section 1443 states,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Section 1455 provides the procedure for any removal of criminal matters to federal courts, including removals under § 1443. *See* 28 U.S.C. § 1455 ("defendants desiring to remove any criminal prosecution from a State court shall . . ."); *see also New York v. White*, No. 25-cv-1163, 2025 WL 1489810, at *2 (E.D.N.Y. May 22, 2025) (applying § 1455 procedural requirements to case removed under § 1443). In relevant part, § 1455 requires that a notice of removal be filed "no later than 30 days after the arraignment in the State court," but the district court may, for good cause shown, extend that deadline. 28 U.S.C. § 1455(b)(1). Failure to satisfy § 1455 subjects a matter to remand. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

---

[2] Funderburke also cites 28 U.S.C. § 1446, which provides procedures for removing civil actions to federal court. *See* 28 U.S.C. § 1446. The statute is inapplicable to criminal prosecutions, and therefore cannot provide the Court with subject matter jurisdiction in this case.

### III. DISCUSSION

*A. 28 U.S.C. § 1455*

Funderburke has not satisfied the procedural requirements of § 1455. According to the docket for the state court proceedings, Funderburke was arraigned on December 18, 2024. (Doc. No. 2, at 6.) Under § 1455, Funderburke had through January 17, 2025, to file her notice of removal. 28 U.S.C. § 1455(b)(1). She did not file her notice of removal until September 3, 2025, 229 days too late. (Doc. No. 1.) Funderburke has not demonstrated, nor does she argue in her notice, that there is good cause to extend her removal deadline. Thus, this matter must be remanded. *See Fla. v. Griffin*, No. 25-14032, 2025 WL 595328, at *1 (S.D. Fla. Feb. 7, 2025) (remanding case removed under § 1443 where "[d]efendant's [n]otice of [r]emoval was filed well beyond the thirty-day deadline, and he offers no good cause for the delay."), *appeal dismissed*, No. 25-10577, 2025 WL 1466886 (11th Cir. Mar. 17, 2025), *and appeal dismissed sub nom. State v. Griffin*, No. 25-10727, 2025 WL 1496825 (11th Cir. Apr. 16, 2025).

*B. 28 U.S.C. § 1443*

Even if Funderburke's removal had been timely, the Court lacks subject matter jurisdiction over this case. Section 1443, as interpreted by the Supreme Court, can only confer federal jurisdiction in two narrow circumstances. First, removal under § 1443(1) is only available when a defendant is denied or cannot enforce a right under "any law providing for specific civil rights stated *in terms of racial equality*." *See State of Ga. v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) (emphasis added); *see also Michigan v. Mixon*, No. 21-cv-10825, 2021 WL 1439706, at *1 (E.D. Mich. Apr. 16, 2021) ("[T]he case is removable [under § 1443(1)] if it is pending against a person who is denied or cannot enforce in the state courts a right under federal

4

law providing for equal civil rights of citizens. [] Such laws are limited to those guaranteeing racial equality." (citing *Rachel*, 384 U.S. at 786–94 (further citation omitted))). Second, removal under § 1443(2) is only available to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966).

Funderburke fails to trigger this Court's jurisdiction under either clause of § 1443. First, rather than invoking any federal right to racial equality, Funderburke challenges the constitutionality of her arrest, the sufficiency of service of process, the purported denial of her right to self-representation, the application of state law, and the constitutionality of the charges against her. (Doc. No. 1, at 1.) Funderburke does not allege the denial of any federal right to racial equality. Nor does she allege that she has been precluded from enforcing such right. Her allegations are thus insufficient to confer jurisdiction under § 1443(1). *See Mixon*, 2021 WL 1439706, at *1 (allegations "challenging the constitutionality of [] arrest and the partiality of the presiding judicial officers unrelated to [] race" considered "insufficient to confer jurisdiction under § 1443[(1)]" (citations omitted)). Second, Funderburke does not allege that she is a federal officer. She is thus unable to invoke jurisdiction under § 1443(2). *Id.* at *2 ("Defendant does not allege that he is a federal or state officer falling within the protection of" § 1443(2)).

This Court thus lacks subject matter jurisdiction under 28 U.S.C. § 1443. As Funderburke provides no other basis for this Court to exercise jurisdiction over this case, the matter must be remanded to state court. *Lexington-Fayette Urb. Cnty. Gov't Civ. Serv. Comm'n*, 115 F. App'x at 817.

## IV. CONCLUSION

This Court lacks subject matter jurisdiction over this action. Accordingly, the matter is summarily REMANDED to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: September 22, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**